THE J. M. BRUNSWICK & BALKE COMPANY, Appellant, v. E. L. MARTIN & COMPANY, Respondent.

Kansas City Court of Appeals, January 4, 1886.

1. CONTRACT—SALE OF PROPERTY—RESERVING TITLE—CASE ADJUDGED. Where, in the sale of a billiard table and furniture, it was agreed between the parties that the payments were to be made by instalments; the notes therefor to be secured by a first mortgage on the table, and the title was not to pass to the buyer until he executed the notes and mortgage; and the notes and mortgage were so executed and delivered before possession was given to buyer. *Held,* that in a contest between the sellers, holding the notes and mortgage aforesaid, and a mortgagee holding a mortgage executed and recorded prior to that given to the seller, but made before the mortgageor had either possession or title to the property, the former must prevail.

2. —— SALE OF PROPERTY TO BE PAID FOR ON DELIVERY—CHARACTER OF—REMEDY OF SELLER.—Where one buys property to be paid for on delivery, the payment and delivery are simultaneous acts, and

if payment is omitted, evaded or refused by the purchaser, upon getting possession of the goods, the seller may immediately reclaim them. Benjamin on Sales, 334, and note. The same rule would, of course, apply where he is to execute a note and mortgage on the property to secure payment.

3. ——— CONDITIONAL SALES — POSSESSION SURRENDERED TO PURCHASER—SECTION 2505, REVISED STATUTES.—The statutes of this state (section 2505, Revised Statutes), have made strict provisions in the case of sales of personal property, where possession is surrendered to the purchaser, with secret understanding between seller and buyer as to the conditions and title, requiring that the terms and conditions shall be placed on record, so that the real ownership might appear. But this is for the protection of purchasers from the buyer, or creditors misled by his possession of property belonging to another.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action of replevin. One Hedrick, of Independence, by written contract of purchase with plaintiffs, contracted for the purchase of a billiard table and furniture. By the terms of the contract he was to pay two hundred and seventy-five dollars for the table, fifty dollars cash, and execute his nine notes of twenty-five dollars each, due in nine consecutive months for the balance, which notes were to be secured by first mortgage on the table. The title was not to pass to Hedrick until he executed the notes and mortgage.

At the time of this contract the table was in plaintiffs' possession and had not been shipped from St. Louis.

Plaintiffs shipped it under a bill of lading to their own order with directions to notify William McCoy & Son, bankers at Independence, and endorsed the bill of lading to McCoy & Son; or the consignment was made directly to McCoy & Son. The evidence does not clearly show which of these two ways was followed, but does show it was one or the other. Plaintiffs wrote McCoy & Son, enclosing the notes and mortgage with express

directions to have them executed by Hedrick before the delivery of the table, and before it should be removed from the depot. Hedrick got the table from the depot on the day of its arrival, without any order or permission from McCoy & Son, and without leave of the railroad agent. On the same day, McCoy, learning of its arrival, and that Hedrick had taken it, went to his saloon and commanded his agents not to touch the table; that he had not delivered it and would not till the execution of the mortgage. That he claimed still to hold possession of it. Afterwards Hedrick executed the mortgage to plaintiffs, and the table was then formally delivered to him. The contract of sale was dated February 27, 1883. The table arrived at Independence March 13, and plaintiffs' mortgage was executed and recorded March 15.

Defendants claim title under a chattel mortgage from Hedrick, dated March 3, and recorded March 5.

JOHN A. SEA, for the appellant.

I. The sale was a conditional one, and until the purchaser had complied with all the conditions thereof, no title could pass to him. *Parmlee v. Catherwood*, 36 Mo. 479; *Ridgway v. Kennedy*, 52 Mo. 24; *Robbins v. Phillips*, 68 Mo. 100; *Sumner v. Cottey*, 71 Mo. 125.

II. Plaintiffs having retained *actual possession* of property until compliance with the terms of sale, the statute as to conditional sales, has no application. By reason of such *possession*, the notice the statute intends to give was imparted. *Warner v. Johnson*, Sup. Ct. Iowa, 19 Reporter, 173.

III. Defendants taking mortgage while property was in *possession* of plaintiff, took with notice of all of plaintiffs' rights. The mortgageor, or defendant, had *at the time* no interest in or title to said property that he could convey or mortgage. Jones on Chattel Mort. (Ed. 1881), sects. 117, 138; *Wright v. Bircher*, 5 Mo. App. 322; 2 Kent's Com. (11 Ed.) 631; *Fletcher v. Drath*, 66 Mo. 126; Wade on Notice, sects. 273, 76, 78.

IV.   By reason of plaintiffs' possession, of the notice of his rights, and mortgageor having no interest in or title to the property, and never having acquired any until after plaintiffs' mortgage had been recorded, defendants' mortgage was *void* as to plaintiffs.   Cases cited third point above.

V.   Under the circumstances, the recording of defendants' mortgage imparted no notice to plaintiffs, except of a void thing.   Wade on Notice, sect. 214, 216.

VI.   Mortgageor could pass no more title than he would gain by any other felonious act.   *McCandless v. Moore*, 50 Mo. 511.

GATES & WALLACE, for the respondent.

I.   Under our statutes, the conditional sale made by plaintiff was good to put in purchaser a *perfect, unincumbered title to the property*, as between plaintiffs and any subsequent purchaser for value from them.   Under our decisions, property not only not in possession, but not even in actual existence, may be mortgaged.   *Wright v. Bircher*, 72 Mo. 179; *Frank v. Playter*, 73 Mo. 672.

II.   Our statutes in regard to conditional sales, changing the rule at common law (section 2507, Revised Statutes), does not make the sale itself void as between the original parties, but only the *condition* that the title shall remain in the vendor, *if the sale is not acknowledged and recorded*.   It was not necessary for the property to have been actually in the purchaser's possession to give him the right to assign it to a creditor in good faith.   *Rutherford v. Stewart*, 79 Mo. 219.

III.   The cases cited by appellant, are *before* the statute of 1871, and the others are cases which have arisen at common law, or statutes which differ materially from ours.   Besides, plaintiff has not repaid or offered to repay any part of the money received by it.   Sect. 2508, Rev. Stat.

IV.   To comply with the statute, plaintiffs must have had the contract of sale acknowledged and recorded *at*

*the time of making it.*    The unrecorded contract was no notice to defendants, and should not have been admitted in evidence.

Ellison, J.—From the statement in this case it will be observed that defendants' mortgage was executed and recorded several days prior to the execution of plaintiff s' mortgage.    The question is, is defendants' mortgage, though prior, good against plaintiffs, under the facts of the case ?    I think it is not.    Sections 2507 and 2505, Revised Statutes, have no application to the evidence here.    This was not a sale, conditional or unconditional. It was simply a contract for a sale.    Hedrick was not only not to be the owner of the property until he complied with the terms of the contract, but he was not even to have the possession of it.

There is nothing in our statute, nor in the decisions of the supreme court of our state, nor, indeed, in the decisions of the courts of any other state, which will prevent one from agreeing to sell to another his personal property on credit, provided the buyer will give him a mortgage back on the property to secure the purchase money.    Here the plaintiffs were so careful, that they would not part with possession till the agreement as to the mortgage was complied with.    The surreptitious caption of the property by Hedrick had no effect against plaintiffs' rights.

At the time Hedrick executed defendants' mortgage, he had no title to the table.    As between him and defendants, or, perhaps, between defendants and his ordinary creditors, he might, under our decisions, have executed a valid mortgage on his interest in the property.    *Wright v. Bircher*, 72 Mo. 179 ; *Frank v. Playter*, 73 Mo. 672 ; *Rutherford v. Stewart*, 79 Mo. 219.

Where one buys property to be paid for on delivery, the payment and delivery are simultaneous acts, and if payment is omitted, evaded or refused by the purchaser upon getting possession of the goods, the seller may immediately reclaim them.    Benjamin on Sales, 334, note

and authorities. This same rule would of course apply where he is to execute a note and mortgage on the property to secure payment.

Suppose the plaintiffs had learned that Hedrick would wilfully refuse to execute to them the notes and mortgages agreed, and had, therefore, kept the table in their possession in St. Louis, could any one be found of sufficient temerity to say, that defendants would have had the legal right under their mortgage from Hedrick, to take the table from them without payment of, or security for, the purchase money? Conditional sales, under which possession is surrendered to the purchaser with secret understanding between the vendor and vendee, as to the conditions and the title, and whereby the purchaser by having possession, was clothed with every indicia of ownership, being thereby enabled to deceive purchasers from him, or his creditors, was what the statute (section 2507) was striking at. Such conditions, under said section, must be placed on record that the world may be advised that appearances of absolute ownership or title in the vendee, are not true in fact.

Even the voluntary pledge of personal property without writing, the possession being turned over, is good security for a debt. Possession is notice of the adverse rights of the possessor. Wade on Notice, sect. 78.

The judgment is reversed and the cause remanded. The other judges concur.