JUDGE *v.* JONES.

(*Jackson.*    April  26,  1897.)

MORTGAGES AND DEEDS OF TRUST.    *Passes after-acquired property, when.*

A deed of trust, conveying a crop and "all tools, gearing, and implements of whatever kind used, or to be used, in making or gathering said crop, including wagons of whatever kind," to secure an existing debt, and also "money and supplies to be advanced," is valid and effectual to pass a wagon and harness advanced six months later for use in gathering crop.

Cases cited and approved: McCarty *v.* Blevins, 5 Yer., 195; Tedford *v.* Wilson, 3 Head, 312; Watkins *v.* Wyatt, 9 Bax., 250; 1 Hare, 549; 72 Mo., 179; 48 Miss., 513; 50 Miss., 396; 12 Wall., 362.

---

FROM SHELBY.

---

Appeal in error from Second Circuit Court of Shelby County.    J. S. GALLOWAY, J.

ST. JOHN WADDELL for Judge.

HANCOCK & POSTON for Jones.

MCALISTER, J.    Action of replevin to recover wagon and harness valued at forty dollars.    Judgment in favor of defendant.    Plaintiff appealed, and has assigned errors.

The defendant, Jones, it appears, was a farmer, and, desiring to secure his merchants, Thomas F. Duffin & Co., of Memphis, the payment of a debt he then owed them, and also to secure them for money and supplies to be advanced, did, on March 9, 1895, convey to the plaintiff, Judge, as trustee for said Duffin & Co., his crops of 1895, and certain live stock, farming implements, wagons, etc. The deed of trust contained this clause, to wit: "Also all tools, gearing, and implements of whatever kind used and to be used in making and gathering said crops, including wagons of whatever kind," etc.

About six months after this trust deed was executed, Jones, the mortgagor, applied to the said Duffin & Co. to purchase for him a wagon and harness with which to gather the crops included in the trust deed, and, thereupon, said firm did purchase for him a wagon and harness, at an outlay of sixty dollars. This amount was charged to Jones on his indebtedness secured by the trust deed. Jones having made default in paying the debt so secured, Judge, the trustee, brought this action of replevin to recover the possession of the wagon and harness, insisting that it was embraced in the clause of the trust deed which conveyed "all tools, gearing, and implements of whatever kind used and to be used in making and gathering said crops, including wagons of whatever kind."

The only question we are called upon to deter-

mine, is whether this wagon and harness—after ac-
quired property—-is covered by the trust deed.    The
Circuit Judge instructed the jury that if they found,
from the evidence, that appellee did not own the
wagon and harness at the time he gave the trust
deed, and that Duffin & Co. did not retain the title
when they bought them for Jones, they should find
a verdict for Jones.

In this we think there was error.    It is now
well settled that a valid mortgage may be made of
property not in existence at the date of the mort-
gage, so as to operate and attach to it so soon as
it comes into existence, and make it an effective
security for the debts provided for in the mortgage.
15 Am. & Eng. Enc. L., p. 749, and authorities
there cited.    Accordingly, it has ,been held that a
mortgage of the future increase of live stock is valid.
*McCarthy* v. *Blevins*, 5 Yer., p. 195; 54 Am. Rep.,
576.    Also the future cargo of a vessel.    *Langston*
v. *Horton*, 1 Hare, 549..    Also the future rolling
stock of a railroad.    *N. O. R. R. Co.* v. *Miller*,
12 Wallace, U. S., 362.    Also the furniture to be
placed in a hotel in the future.    *Wright* v. *Bircher*,
72 Mo., 179.    Also the mules that in the future
may be bought and placed on a certain plantation.
*Sillers* v. *Lester*, 48 Miss., 513.    Also the crops
yet to be grown on certain soil.    *Cayce* v. *Stovall*,
50 Miss., 396; Jones on Chattel Mortgages, Sec. 174;
*Little Rock Railroad* v. *Page*, 35 Ark., 304; *Ted-*

Judge *v.* Jones.

*ford* v. *Wilson*, 3 Head, 312; *Watkins* v. *Wyatt*, 9 Bax., 250.

The result is, the judgment of the Circuit Judge is reversed, and judgment will be entered here in favor of the plaintiff, for the possession of the wagon and harness.