*Crews & Booth* for appellant.

*Hitchcock, Lubke & Player* for respondent.

FRANK v. PLAYTER *et al., Appellants.*

1.  **Mortgages of Personalty in Kansas:** FAILURE TO FILE STATEMENT OF INTEREST. Failure of the mortgagee of personal property to file with the recorder of the county a sworn statement of his interest in the mortgage within thirty days before the end of one year from the time of filing it for record, as required by the laws of Kansas, does not invalidate the mortgage as between him and one claiming through a sale made, within the year, under an attachment against the mortgageor.

2.  ———: ———. Under the foregoing statute, if the mortgaged property be reduced to possession within the year by the mortgagee, that dispenses with the necessity for filing the statement of interest.

3.  **Mortgage of After-acquired Property.** A manufacturer may make a valid mortgage of raw material to be purchased in the future, and of the product to be made therefrom.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Pratt, Brumback & Ferry* for appellants.

The gist of the action of replevin is the wrongful detention, and this relates to the time of the commencement of the action. *Brown v. Holmes,* 13 Kas. 491; *Gray v. Parker,* 38 Mo. 165; *Barksdale v. Appleberry,* 23 Mo. 389. The omission to file the affidavit did not render it invalid as against plaintiff. *Meech v. Patchin,* 14 N. Y. 71; *Manning v. Monaghan,* 10 Bosworth 240; *s. c.,* 28 N. Y. 589. Plaintiff was not a purchaser within the Kansas mortgage act. *Marsden v. Cornell,* 62 N. Y. 220. The mortgage bound the subsequently acquired property. *Yates v. Olmsted,* 56 N. Y. 632; *White v. Thomas,* 52 Miss. 49; *Cayce v. Stovall,* 50 Miss. 396; *Stephens v. Tucker,* 55 Ga. 543; *Pennock v. Coe,* 23 How. 117; *Pierce v. Emery,* 32 N. H. 484; *P. W. & B. R. R. Co. v. Woelpper,* 64 Pa. St. 366; *Morrill v. Noyes,* 56 Me. 458; *Johnston v. Morrow,* 60 Mo. 339.

*Boggess & Cravens* for respondent.

The mortgage was void. The property upon which it attempted to create a lien, was not to be acquired in replacement of or as an accession to property then in existence and covered by the mortgage. *Phelps v. Murray,* 4 C. L. J. 584; *Edgell v. Hart,* 9 N. Y. 217; *Wilson v. Seibert,* 8 Am. L. Reg. (N. S.) 608.

HOUGH, J.—This was an action of replevin brought July 24th, 1876, to recover possession of a lot of zinc spelter, valued at $1,200.

Both parties claim title through J. A. C. Thompson, who leased and operated certain zinc works at Weir City, in Cherokee county, Kansas, from January 1st, 1876, to

May 10th, 1876. The defendants claim title and right of possession under a chattel mortgage, dated February 1st, 1876, made to them by said Thompson; and the plaintiff claims title under judicial sales in certain attachment suits against said Thompson, brought on debts contracted after the mortgage was recorded. The question is, which had the better title; and the solution of this question depends upon the validity and effect of the above mentioned mortgage. This mortgage covered all spelter made after said date from ore then on hand, or which should thereafter be purchased for use at said works, and was made to secure the sum of $2,000, due in ninety days from said date, and was duly filed for record February 5th, 1876, in Cherokee county, Kansas. The law of Kansas in regard to mortgages of personal property, provides that every such mortgage "shall be void as against creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year after the filing thereof, unless within thirty days next preceding the expiration of the term of one year from such filing, and each year thereafter, the mortgagee, his agent or attorney, shall make an affidavit exhibiting the interest of the mortgagee in the property at the time last aforesaid, claimed by virtue of such mortgage; and, if such mortgage is to secure the payment of money, the amount yet due and unpaid. Such affidavit shall be attached to, and filed with, the instrument or copy on file, to which it relates." Compiled Laws, Kansas, § 3248. Section 3252 is as follows: "In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession."

There is no stipulation in the mortgage limiting the rights of the mortgagee under the statute, and it is conceded that the spelter in question was part of that described in the mortgage, and that the debt has not been paid. No affidavit was made by the defendants, as required by section 3248 of the laws of Kansas, read in evidence.

The court gave, among others, the following instructions for the plaintiff:

2. Although the court may believe from the evidence that the zinc spelter described in the petition was fabricated by J. A. C. Thompson or by others out of ore described in the paper offered in evidence called a mortgage, subsequent to the making and delivery thereof on the 1st day of February, 1876; yet, unless the court shall also believe from the evidence that said defendants, thirty days before the expiration of one year from the date of the alleged filing of said so-called mortgage, or some agent of theirs for them, made and filed in the office of the register of deeds, in and for the county of Cherokee, state of Kansas, an affidavit showing their interest in the property described in said mortgage and the amount of money thereby secured which then remained unpaid, the court will find for said plaintiff, provided the court also believe from the evidence that said plaintiff purchased said zinc spelter in good faith.

3. Although the court may believe from the evidence that the said J. A. C. Thompson made and delivered to the defendants the paper offered in evidence, dated February 1st, 1876, called a mortgage, yet unless the court shall also believe from the evidence that the same was, within a reasonable time after said date, filed with the register of said Cherokee county; and that thirty days before the expiration of one year after so filing same, said defendants, or some agent or person for them, filed in the office of said register an affidavit stating the interest of defendants in the mortgaged property and the amount of money thereby secured then remaining due said defendants, the court will find for plaintiff, provided the court also believes said plaintiff purchased said zinc spelter in good faith. .

For the defendants the court gave one instruction, which was substantially in the language of section 3252 of the laws of Kansas, *supra*.

. . The only question presented by these instructions which need be considered, is, whether the defendants lost

whatever rights they may have had under the mortgage given February 1st, 1876, by failing to make an affidavit within thirty days before the expiration of a year after said date, exhibiting the interest then claimed by them under said mortgage, and the amount of the debt secured thereby, then due and unpaid.

The object of the statute requiring this affidavit to be made, was to keep the public informed from time to time as to the condition of the title of incumbered personal property, and to furnish some reliable record evidence by which parties might be guided in dealing with such property. This statute, by its terms, can only be invoked by subsequent purchasers or mortgagees in good faith; that is, by those who became such after the period at which such affidavit should have been made. And creditors of the mortgageor manifestly cannot claim the benefit of its provisions when their claims are asserted before the expiration of the time prescribed. The plaintiff, however, is neither a subsequent purchaser nor mortgagee, nor is he a creditor. It is true he claims through those who were creditors of the mortgageor, but those creditors had asserted their claims, and he had purchased from those claiming under the proceedings instituted by them, while the mortgage was undoubtedly valid, and before any affidavit was required to be filed. The plaintiff having acquired his rights and brought his suit while the mortgage was a valid and subsisting incumbrance against him and those under whom he claimed, his right to recover cannot be aided by the subsequent failure of the defendants to make the affidavit required by law. The rights of the parties had become fixed before the default occurred. Besides, the property had been reduced to possession by the defendants within the year, and that of itself dispensed with the necessity for any affidavit. This view is supported by decisions in New York and Minnesota, where similar statutes are in force. *Meech v. Patchin*, 14 N. Y. 71; *Dillingham v.*

*Bolt*, 37 N. Y. 198; *Eli v. Carnley*, 19 N. Y. 496; *Porter v. Parmley*, 52 N. Y. 185; *Edson v. Newell*, 14 Minn. 228.

The point has been made in argument, though not raised by the instructions, that the mortgage is invalid as to the after-acquired property; but we think this question settled by the decision of this court in *Wright v. Bircher*, 72 Mo. 179. We see no reason why a distinction should be taken between a mortgage by a manufacturer of raw material to be purchased, and the property to be manufactured therefrom, and the mortgage by a merchant of property subsequently manufactured by another, and purchased by such merchant, and added to his stock in trade. The judgment will be reversed and the cause remanded. The other judges concur.