RUTHERFORD, *Appellant*, v. STEWART.

**A Mortgage of Personal Property not yet in esse**, the production of which is in the contemplation of the parties, will impose a lien in equity thereon when produced. Following *Wright v. Bircher*, 72 Mo. 179.

*Appeal from Randolph Circuit Court.* HON. W. J. HOLLIS, Special Judge.

AFFIRMED.

*Reed & Hall* for appellant.

*Christian, Martin & Priest* for respondents.

HENRY, J.—This is a proceeding by injunction to restrain defendants from taking and using certain brick made by Helflin & Sheperdson on a tract of land owned by plaintiff. Helflin & Sheperdson agreed to manufacture brick and pay Rutherford for the use of the ground, and gave him a mortgage to secure him the price they were to pay and for certain advancements of money for them, upon one kiln of bricks, to contain 100,000 bricks. This kiln, the only one embraced by this mortgage, was sold by the mortgageor, with the consent of plaintiff, and, therefore, need not be further considered.

Afterward, on the 22nd day of July, 1878, said mortgageor executed to defendant, Stewart, a mortgage of "all the bricks now being moulded at the brick-yard, on the land of W. T. Rutherford    *    *    and all the bricks that will be moulded and turned at said brick-yard, during the season for such work of 1878, commencing on the 28th day of July, 1878," to secure a promissory note of that date for $250, payable to said Stewart. At the date of this mortgage, there were, as testified by Stewart, 10,000 bricks made, by Luther Baber, 18,000 or 20,000; Helflin testified that there were only about 1,000. The debt for which the

mortgage was given was a partnership debt, although that does not appear in the body of the instrument. A second mortgage was executed by said Sheperdson & Helflin to Rutherford, after the second kiln was burned, to secure a debt to Rutherford of $502, advanced by Rutherford and used by the firm, to make said brick. Rutherford testifies that when this mortgage was made, he knew that Stewart had a first mortgage on the brick, and did not think he knew of a verbal agreement between Rutherford and Sheperdson & Helflin, that the first mortgage should be a lien upon the second kiln.

The only question in the case is, whether the mortgage to Stewart was a valid mortgage, the appellant contending that it was of personal property not then in existence, and, therefore, conveyed nothing. Of the brick then made, it was certainly a good conveyance, and that, in equity, it covered all the brick made when Rutherford took his second mortgage, we think equally clear. As between Stewart and the mortgageors, and persons claiming under the latter, with actual notice of the mortgage, the mortgagee's equitable right to the property would seem to be unquestionable. If the entire kiln was completed when plaintiff took his second mortgage, he took it subject to the first, and on no principle of equity, can he be entitled, as against Stewart, to any of the bricks except such as were made after his, Rutherford's, mortgage was executed.

That the mortgage of Stewart took effect upon the bricks in the kiln when it was executed, is not questioned. The other propositions above stated, were discussed in *Wright v. Bircher*, 72 Mo. 179, in which this court approved what was said by Mr. Justice Story in *Mitchell v. Winslow*, 2 Story 630, and by Davis, J., in *Morrill v. Noyes*, 56 Me. 458; *s. c.*, 3 Am. L. Reg. (N. S.) 18. Justice Story observed: " It seems to me the clear result of all the authorities, that whenever the parties, by their contract, intend to create a positive lien or charge, either upon real or personal property, whether *in esse* or not, it attaches, in equity, as a lien

or charge upon the particular property, as soon as the assignor or contractor acquires title thereto, against the latter and all persons asserting a claim thereto, either voluntarily or with notice, or in bankruptcy." Judge Story, it will be observed, is speaking of an equitable lien.

In *Morrill v. Noyes, supra,* the validity of mortgages of mere contingencies, or sales, or mortgages of personal property which " the mortgageors might purchase if they should purchase any," is not recognized, but the validity of a sale, or mortgage of property the purchase or acquisition of which, is then in the contemplation of the vendor or mortgageor, is held valid. See also *Frank v. Playter,* 73 Mo. 672. In either view Stewart was entitled to the brick kiln as against Rutherford, and the judgment of the circuit court dismissing plaintiff's bill is affirmed. All concur.