FRANCE, *Appellant,* v. THOMAS.

**Mortgage :** AFTER-ACQUIRED PROPERTY : LEGAL TITLE : EQUITY. A mortgage of chattels not *in esse,* or not owned by the mortgageor at the execution of the mortgage, will not pass the legal title to such after-acquired property, and the mortgagee, to render his lien effectual, must assert it in a court of equity.

*Appeal from Buchanan Circuit Court.*—J. B. THOMAS, ESQ., Special Judge.

AFFIRMED.

*Doniphan & Reed* for appellant.

(1) The deed of trust gave a lien upon all the personal property in the hotel, and upon all thereafter purchased and placed therein, and the lien is valid as to such after-acquired property. *Wright v. Bircher,* 72 Mo. 179 ; *Frank v. Playter,* 73 Mo. 672 ; *Rutherford v. Stewart,* 79 Mo. 216. And this is true, even although the mortgagee has not taken possession of the property. Jones on Chattel Mortgages, sec. 170. (2) Nor is the mortgagee compelled to assert his lien in a court of equity. *Basye v. Ambrose,* 28 Mo. 44; 21 N. Y. 499 ; *Thompson v. Foerstel,* 10 Mo. App. 298 ; *Frank v. Playter,* 73 Mo. 672 ; Jones on Chattel Mortgages, secs. 12, 13 ; *Wright v. Bircher,* 72 Mo. 172 ; *Sawyer v. Gerrish,* 70 Me. 254 ; *Page v. Gardner,* 20 Mo. 513 ; *Scharfenburg v. Bishop,* 35 Ia. 66. (3) In equity, a mortgage of after-acquired chattels may be enforced against all having actual or constructive notice of it. Record notice is sufficient. Jones on Chattel Mortgages, secs. 157, 173, 174 ; *Gregg v. Sandford,* 24 Ill. 17 ; *Duke v. Strickland,* 46 Ind. 494 ; *Scharfenburg v. Bishop,* 34 Iowa, 60 ; *Brown v. Allen,* 35 Iowa, 306 ; 1 Baxter, 375 ; *Parkist v.*

*Alexander,* 1 John. Ch. 399–400, side pages ; *McClurg v. Phillips,* 57 Mo. 214 ; *Harrington v. Fortner,* 58 Mo. 468 ; 14 B. Monroe, 278–284 ; *Mitchel v. Winslow,* 2 Story's Rep. 647. (4) After default, the mortgagee being entitled to possession of the property, the officer has no right to seize it, although it be found in the possession of the mortgageor, such possession being permissive merely and not a matter of right. The bare possession of a chattel by a mortgageor, with the consent or permission of the mortgagee, and determinable at his will, is not the subject of sale under the execution. *King v. Bailey,* 8 Mo. 332 ; *Foster v. Potter,* 37 Mo. 529 ; *Teldell v. Stemmans,* 15 Mo. 443 ; *Boyce v. Smith,* 16 Mo. 317 ;. *Paul v. Hayford,* 22 Me. 234 ; *Farrell v. Hildreth,* 38 Barb. 178 ; *Galen v. Brown,* 22 N. Y. 39 ; *Campbell v. Leonard,* 11 Iowa, 489 ; Freeman on Executions, sec. 117. (5) After default, the trustee in the deed of trust has the right to recover possession. *Lacey v. Giboney,* 36 Mo. 320 ; *Pace v. Pierce,* 49 Mo. 393. And in some states, if the property is levied upon by an execution creditor, before default, the mortgagee may maintain replevin. *Ashley v. Wright,* 19 Ohio St. 291 ; *Quinn v. Schmidt,* 91 Ill. 84.

*B. R. Vineyard* for respondent.

This was an action at law to recover possession of certain personal property described in the petition. It was tried as such before a jury, and the plaintiff complains of the giving and refusing of instructions. The defendant was sheriff of Buchanan county, and had seized, under special executions in his hands, issued on judgments for the purchase price thereof, the goods in controversy. In law, and in all proceedings at law, the mortgage of property to be afterwards acquired, is void as against third parties, unless, when acquired, it is

reduced to possession by the mortgagee before the rights of such third parties intervene. Jones on Chattel Mortgages, sec. 164; *Looker v. Peckwell*, 38 N. J. Law, 253; *Moody v. Wright*, 13 Met. 17; *Barnard v. Eaton*, 2 Cush. 294; *Griffith v. Douglas*, 73 Me. 532; *Chesley v. Josselyn*, 7 Gray, 489; *Jones v. Richardson*, 10 Met. 481; *Henshaw v. Bank*, 10 Gray, 568; *Otis v. Sill*, 8 Barb. 102. See, also, 1 Pom. Eq., sec. 165; 3 Pom. Eq., secs. 1233, 1288; *Mitchell v. Winslow*, 2 Story, 638; *Milliman v. Neher*, 20 Barb. 37; *Hunt v. Bullock*, 23 Ill. 320; *Hamilton v. Rogers*, 8 Md. 301; *Chynoweth v. Tenney*, 10 Wis. 397; *Single v. Phelps*, 20 Wis. 398; *Gale v. Burnell*, 7 Q. B. 850; *Lunn v. Thornton*, 1 C. B. 379; *Robinson v. McDonnell*, 5 M. & S. 228; *Head v. Goodwin*, 37 Me. 187. In quoting from the leading case in this country, of *Mitchell v. Winslow*, 2 Story, 630, in regard to the right of such mortgagees in equity, though the language of Judge Story is not correctly quoted, the Supreme Court of Missouri (*Rutherford v. Stewart*, 79 Mo. 218, at top), is careful to add: "Judge Story, it will be observed, is speaking of an equitable lien."

*G. P. Wanty*, also, for respondent.

(1) He advanced the money before this property was in existence, and if he obtained a lien upon it, that lien attached when Richmond acquired title, and must have been for the precedent debt, and Donnell cannot be a *bona fide* purchaser. *Weaver v. Barden*, 49 N. Y. 291; *Car v. White*, 52 N. Y. 138; *Barnard v. Campbell*, 55 N. Y. 456; *Barnard v. Campbell*, 58 N. Y. 73; *Root v. French*, 13 Wend. 571; *Johnson v. Peck*, 1 Woodbury and Minot, 334; *Loyd v. Brewster*, 4 Paige, 537; *Ratcliff v. Sangton*, 18 Md. 390; *Field v. Stevens*, 42 Vt. 106; *Goodman v. Simmonds*, 19 Mo. 106; *Logan v. Smith*, 62 Mo. 458. (2) The property was not in the hands of Donnell, or plaintiff, but was in the hands of the pur-

chaser. Not only did plaintiff not have possession, but he does not show that he had any right to reduce the property to possession. No condition of the trust deed appears to have been broken, and Richmond had the right to deal with the property as his own, and his interest therein could be sold on execution. *Foster v. Potter*, 37 Mo. 532 ; *Woods v. Hilderbrand*, 46 Mo. 284 ; *Sheble v. Curdt*, 56 Mo. 437 ; *Barnett v. Timberlake*, 57 Mo. 499.

HENRY, C. J.—This is a suit to recover specific personal property seized by the defendant, as sheriff of Buchanan county, under an execution against Samuel A. Richmond. Plaintiff claims the property under a deed of trust executed by said Richmond and wife on the twenty-eighth day of September, 1881, to plaintiff, as trustee, to secure a note for $30,000, executed by said Richmond and payable to Robt. W. Donnell, of the city of New York, and conveying for that purpose a certain tract or parcel of land in the city of St. Joseph, on which there is, and, at the date of the seizure of said goods, was, a hotel building and all the furniture, carpets, fixtures, beds, bedding, linen, tableware, cutlery, glassware, queensware, plate, bar room fixtures and furniture, wines and liquors, cigars, and stores, then, or therafter, to be placed in said hotel, and all the appurtenances, appliances, and fixtures of whatever nature then, or thereafter, placed in said hotel.

It appears that in September, 1881, Dr. Richmond borrowed of Donnell $30,000 to pay off a mortgage on the hotel property and furnish the house. Retaining $10,000 to pay off a mortgage, and $3,000 commission, Donnell procured Donnell, Lawson and Simpson to give Richmond a general letter of credit for $17,000 on September 7, 1881. The mortgage in question was executed September 28, 1881. They supposed that $20,000 would be sufficient to furnish the hotel, but instead of that

amount, $47,000 or $48,000 were expended for that purpose, and the goods placed in the hotel. Some of the goods were purchased before and a portion after the execution of the mortgage. The language of the mortgage is broad enough to cover all the furniture, fixtures, etc., bought to fit up and furnish the hotel.

The judgment creditors, under whose executions the property in controversy was seized, acquired no lien upon the property until their executions were levied. Each was upon the identical property for which the debt it represented was contracted. Neither the mortgagee nor the trustee ever had possession of the goods under the mortgage. In *Wright v. Bircher*, 72 Mo. 179, and *Rutherford v. Stewart*, 79 Mo. 216, this court held that similar mortgages to the one under consideration gave the mortgagee an equitable lien upon the subsequently acquired goods, but has never gone so far as to hold that, by such a mortgage, the legal title to the after-acquired goods passed to the mortgagee. The authority principally relied upon in those cases was that of *Mitchell v. Winslow*, 2 Story, 630, in which Judge Story held that a contract for a lien upon property not *in esse*, created an equitable lien. To the same effect is the leading English case of *Holroyd v. Marshall*, 10 H. L. Cases, 192; *Belding v. Reed*, 3 Hurlstone & Coltman, Exch. Rep. 961, followed *Holroyd v. Marshall*, and arose under a mortgage similar to the one under consideration. To the same effect is *Reeve v. Whitmore*, 4 DeG., J. & S. 1; *Wright v. Bircher*, and *Rutherford v. Stewart*, *supra*, were suits in equity. A recent English case, *Hallas v. Robinson*, of which the syllabi will be found in the Central Law Journal, May 29, 1885, seems to be in full accord with the other English cases. The great weight of authority, both in the United States and in England, supports the view that a mortgage of chattels not *in esse*, or not owned by the mortgageor at the execution of the mortgage, will not pass the legal title to the property,

:and can only be made effective, unless the mortgagee has acquired the possession under the mortgage, by a proceeding in equity against the mortgageor, or persons claiming under or through him, who had notice of the equity of the mortgagee before their title or liens attached.

Cases might be conceived, which would be exceptions from the rule, as, for instance, where the execution of the mortgage and the acquisition of the property are constituents of the contract, and are so nearly connected in point of time as to become parts of the same transaction. But this is not such a case. It follows, therefore, that the plaintiff had not a title upon which he could recover at law. If the suit were one seeking to enjoin the sale of property under the executions, other questions discussed in the brief of counsel would have to be considered, but in the view we take of the case, it is unnecessary to pass upon them.

The judgment of the circuit court, which was for the defendant, is affirmed. All concur.