KEATING, *Appellant,* v. HANNENKAMP *et al.*

1. **Mortgage of Personality:** AFTER-ACQUIRED PROPERTY : EQUITABLE LIEN. Where a chattel mortgage given to secure the payment of rent includes after-acquired property to be placed in the leasehold buildings, such mortgage is good in equity and the property becomes subject to the equitable lien as soon as it is so placed in the building.

2. ——: ——: ——: NOTICE. Such equitable lien is valid as against the mortgagor and also as against a subsequent mortgagee with notice.

3. **Mortgagee:** REPLEVIN. A mortgagee, it seems, may recover after-acquired property in an action of replevin.

VOL. 100—11

100   161
59a  186
100   161
128   175
100   161
66a   46
100   161
75a  515
100   161
83a  552

4. **Mortgage of After-Acquired Property**: POSSESSION BY MORTGAGEE : TITLE. Where a mortgagee takes possession of after-acquired property under the terms of the mortgage, the legal title is thereby vested in him, and he can sell and execute the powers conferred in the mortgage without the aid of a court of equity.

5. ———: ASSIGNEE OF LEASEHOLD. Where such mortgage on after-acquired property to secure payment of rent sets out and recites the lease and the two instruments relate to the same subject-matter, and are, in fact, but different parts of the same transaction, they will be treated as constituting a single instrument, and the mortgage lien will extend to property placed in the leased building by an assignee of the lease.

6. **Practice in Supreme Court**: ABSTRACTS. The supreme court will not consider the objections that the mortgagee in a chattel mortgage sold the property in bulk, or sold more than was necessary to pay the debt, where it does not appear from the abstracts that the objections were made in the trial court.

7. The Sale would not be void for the foregoing reasons, and especially in the absence of an offer to redeem.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*C. H. Krum* for appellant.

(1) The judgment should be reversed and the cause remanded, because the court, sitting as a jury, misconceived the law. (*a*) This is an action to recover the value of specific personal property, converted by the respondents to their own use. (*b*) The respondents were joint trespassers—Hannenkamp, because he had no right to seize the property, and Cottrill, because he became a purchaser at a wrongful sale, and took possession of the property bought by him at such sale. *McManus v. Lee,* 43 Mo. 208; *Cooper v. Johnson,* 81 Mo. 489; *Allred v. Bray,* 41 Mo. 484. (*c*) The instructions given for the respondents were erroneous. The evidence of Wolff shows, that none of the property

sought to be covered by the mortgage given by Herbert was upon the premises when the mortgage was executed. For the purposes of the mortgage, it was after-acquired property. The mortgagee had no right to take possession under the mortgage, and enforce its terms as in case of a mortgage valid at law. He could only enforce his rights by an appropriate proceeding in equity. *France v. Thomas*, 86 Mo. 80, 85. "In *Wright v. Bircher*, 72 Mo. 179, and *Rutherford v. Stewart*, 79 Mo. 216, this court held that similar mortgages to the one under consideration gave the mortgagee an equitable lien upon the subsequently acquired goods, but has never gone so far as to hold that by such a mortgage the legal title to the after-acquired goods passes to the mortgagee." *France v. Thomas, supra.* (*d*) In no event could the mortgage given by Herbert be extended to cover property not acquired by him, but by a succeeding tenant. (*e*) It was manifestly erroneous to sanction a sale of more than three thousand dollars' worth of personal property to satisfy a debt of only three hundred dollars. Two months' rent was in arrears. That rent amounted to only three hundred dollars. Yet the court sanctioned a sale of more than three thousand dollars' worth of property to satisfy that debt. This can be upheld upon no theory recognized by the law. *Baker v. Halligan*, 75 Mo. 435; *Stoffel v. Schroeder*, 62 Mo. 147 Furthermore, the property was sold in mass—all from "cellar to third story." No attempt was made to sell in parcels, or in any manner to separate the property. That injurious results followed therefrom is beyond controversy. *Chesley v. Chesley*, 54 Mo. 347; *Chase v. Williams*, 74 Mo. 429; *Kelly v. Hurt*, 61 Mo. 463. (2) The court found for the appellant and assessed damages against respondent Hannenkamp at one dollar, but found for the respondent Cottrill. This conclusion is inexplicable. The appellant was entitled to a recovery against both the

respondents. They were joint trespassers, as before shown. (3) This is not a case for the application of the common-law rule with regard to the confusion of goods. "All the cases and statements of text writers, where this rule is stated, clearly embody the idea that the act of intermingling the goods must have been wrongful on the part of the party who claims the right to separate them." *Davis v. Krum*, 12 Mo. App. 285; *Bryant v. Ware*, 30 Mo. 295; 2 Black. Comm. 405

*George E. Smith* for Hannenkamp, respondent, and *Alex. Young* for Cottrill, respondent.

· (1) That a mortgage of chattels to be afterwards acquired by the grantor and used for a definite purpose at a definite place, gives the grantee an equitable lien upon such goods when acquired as against the grantor, his creditors, subsequent purchasers and encumbrancers with actual notice, we assume is the well-settled law of this state, established by a line of well-considered decisions of this court and the subordinate courts of appeal. *Johnston v. Morrow*, 60 Mo. 339; *Wright v. Bircher*, 72 Mo. 179, affirming 5 Mo. App. 322; *Frank v. Playter*, 73 Mo. 672; *Rutherford v. Stewart*, 79 Mo. 216; *Petring v. Chrisler*, 90 Mo. 649; *Thompson v. Foerstel*, 10 Mo. App. 290. (2) Although a mortgage of chattels may be defective, not acknowledged, or not recorded, or be void upon its face under our statute as being made for the use of the grantor, or give the holder only an equitable lien because it attempts to cover goods not *in esse*, or not owned by the mortgagor at the time of its execution, still if the mortgagee takes possession of the goods under his mortgage either by consent of the mortgagor, or by adversary proceedings, before the rights of third parties attach, his title, for the purposes of his mortgage, becomes unassailable. *Nash v. Norment*, 5 Mo. App.

545; *Greeley v. Reading*, 74 Mo. 309; *Petring v. Chrisler*, 90 Mo. 649; *Wood v. Hall*, 23 Mo. App. 110; *Hewson v. Tootle*, 72 Mo. 632; *Dobyns v. Meyer*, 95 Mo. 132; Jones on Chattel Mortgage, sec. 178 and cases cited. And such mortgagee if refused possession by the mortgagor may enforce his right after condition broken by replevin. *Drug Co. v. Robinson*, 81 Mo. 18, affirming 10 Mo App. 588. Or if he has been in possession under his mortgage, and is deprived of it by creditors or subsequent mortgagees, he may recover possession again by replevin. *Johnston v. Morrow*, 60 Mo. 339; *Thompson v. Foerstel*, 10 Mo. App. 290. Or he may sue in trover and recover the value of the goods. *Dobyns v. Meyer*, 95 Mo. 132. The case of *France v. Thomas*, 86 Mo. 80, is clearly distinguishable upon its facts from the cases above cited, and from the case at bar. There, the judgment creditors had possession of the specific property they had sold to Richmond after the mortgage was made by levies of execution. The mortgagee who had never been in possession brought replevin.

BLACK, J.—The plaintiff brought this suit to recover the value of a quantity of furniture and fixtures. The case was tried by the court without a jury, resulting in a finding and judgment for defendant Cottrill, and a finding and judgment for plaintiff against defendant, Hannenkamp, in the sum of one dollar, and the plaintiff appealed.

The evidence discloses the following facts : Defendant Hannenkamp and others being the owners of a three-story building leased the same to C. W. Herbert for a period of five years, at eighteen hundred dollars per year for the first three years and two thousand dollars per year for the last two years, the rent to be paid monthly in advance. The lease bears date the fifth of November, 1883, though the term began on the

first of December, 1883. Herbert executed to Hannen-kamp a mortgage dated the thirteenth of November, 1883, to secure the payment of the rents reserved in the lease as they should fall due. The mortgage makes reference to the leased property, and assigns and transfers "the personal property as described below, together with all furniture not mentioned herein, or that may be acquired by purchase or otherwise, and contained in the three-story brick house (describing the house again), the counters, shelving, mirrors, tables, chairs, stoves, ranges, glassware and table ware." This mortgage was duly acknowledged, and recorded in December, 1883, though the lease was not recorded.

The lease, it will be seen, bears date the fifth of November and the mortgage is dated the thirteenth of the same month. The evidence, however, shows that they were in fact both executed at the same time. The building was a new one and Herbert, the lessee, rented it with a view of fitting it up for a restaurant, saloon and lodging house. The furniture was not in the build-ing when the lease and mortgage were executed, and it is clear that some, if not all of it, had not then been purchased by Herbert. It had been purchased and placed in the house at or before the term of the lease began.

Herbert assigned the lease and sold the furniture and fixtures to A. C. Hall in July, 1884; and Hall, after occupying the premises a short time, assigned the lease and sold out to Weiman. Both of these assignments were made by and with the written consent of the lessors. Weiman assigned the lease and sold the furniture to Barton prior to September, 1885. The lessors refused to give their consent to this assignment. Barton, however, took possession and paid rents until the first of December, 1885. On the twelfth of September, 1885, Barton and wife executed a chattel mortgage on the furniture to secure a note for fifteen hundred dollars payable to the plaintiff Keating.

Barton made default in payment of the rents for the months of December, 1885, and January, 1886, and, thereupon, Hannenkamp took possession of the furniture and fixtures under the terms and provisions of his mortgage and sold the same at auction, and the defendant Cottrill became the purchaser. Keating then commenced this suit against Hannenkamp and Cottrill. The evidence is clear that when Keating took the mortgage from Barton and wife he had actual notice of the lease and the mortgage executed by Herbert to Hannenkamp to secure the rents.

1. Herbert, the lessee and mortgagor, leased the building for the purpose of furnishing and fitting it up as a restaurant and saloon, and contemplated the purchase of furniture and fixtures suitable for that purpose when he executed the mortgage. Though the property described in the mortgage was not in the building at that date, still the mortgage was good in equity, and the property became subject to the equitable lien as soon as it was placed in the building. This doctrine has been so often declared by this court that it is only necessary to refer to the following cases: *Wright v. Bircher*, 72 Mo. 179; *Frank v. Playter*, 73 Mo. 672; *Rutherford v. Stewart*, 79 Mo. 216. Such equitable lien is valid as against the mortgagor and also as against Keating who had both actual and constructive notice of the mortgage.

The appellant insists that, as the mortgage only created an equitable lien on the property purchased and put in the house by Herbert, Hannenkamp had no right to take possession and sell for default in payment of rents as he could if the mortgage had been good at law; and in support of this he cites *France v. Thomas*, 86 Mo. 80. In that case the plaintiff claimed after-acquired property under a deed of trust on a lot of hotel furniture. The suit was one for the recovery of the specific personal

property against the sheriff who had seized it on executions against the mortgagor. The opinion concedes the proposition that the deed of trust created a good equitable lien, but it holds the trustee could not recover in replevin because neither he nor the beneficiary had ever acquired possession under it. It is also conceded that there may be exceptions to the rule laid down. A mortgagee seems to have been allowed to recover after-acquired property in an action of replevin in *St. Louis Drug Co. v. Robinson*, 81 Mo. 18. See same case, 10 Mo. App. 588. *Frank v. Playter*, *supra*, was also an action of replevin, and the defendant relied upon a mortgage of after-acquired property, and it was held he should succeed, though it does not appear that the answer set up an equitable defense.

But without pursuing the question whether the equitable owner can recover the property in an action of replevin under our code, it is certain that the present case differs from *France v. Thomas*, in this: That here the mortgagee took possession of the property for a default, under the terms and stipulations of the mortgage. "Though a grant of a future interest is invalid, yet a declaration precedent may be made which will take effect on the intervention of some act." Under this maxim of Lord BACON it is held that "possession taken by a mortgagee of after-acquired property, under authority given in the mortgage, before rights had been acquired by others, makes it a valid lien upon such property." Jones on Chattel Mortgages [3 Ed.] sec. 164. The rule just stated is, of course, one at law. But it must follow that possession acquired by a mortgagee under the terms of the mortgage will also vest the legal title in him in those cases where the mortgage of after-acquired property creates an equitable lien. The circumstance that it creates an equitable lien, good against creditors and subsequent purchasers with notice, cannot affect the legal consequences arising from taking possession. Hannenkamp had the right given to him

in the mortgage to take possession upon default, and when he took possession he stood in the same position as if his mortgage had been one good and valid at law from the beginning. He had the right to sell and to execute the powers contained in the mortgage without the aid of a court of equity, and his sale passed a valid title both at law and in equity.

2. Whilst Weiman was in possession under the lease, he made some additions to the furniture, costing two hundred and fifty or two hundred and seventy-five dollars, and the question is made whether this property became subject to the lien of the mortgage executed by Herbert. Barton, of course, had actual notice of the lease when he took the assignment, and he had constructive notice of the mortgage. Keating had actual notice of both the lease and the mortgage.

Upon this question, whether under the circumstances the property put in the house by Weiman became bound by the mortgage executed by Herbert, we are not cited to any authorities on either side. There seems to be no doubt but the lease and the mortgage were executed at the same time. The mortgage sets out and recites the lease, and the two instruments relate to the same subject-matter and are in fact but different parts of the same transaction, and we can see no reason why they should not be treated as if they constituted a single instrument. A lease and a mortgage made by the lessee upon a crop to be grown upon the leased lands, were treated as a single instrument in *Booker v. Jones*, 55 Ala. 266. Had this lien on the furniture been created by the lease, without any mortgage, there would be no doubt but the assignee of the lease would be bound by all the covenants of the lease. Taking the mortgage and the lease to be a single instrument the same result must follow.

3. The property was sold in bulk at the price of $387.50. There was evidence tending to show that it

was of the value of three thousand dollars; and there is other evidence that when removed and repaired it was not worth more than seven hundred dollars. The rents due for the two months amounted to only three hundred dollars. The proceeds of the sale paid this debt and the costs attending the sale, leaving a surplus of fifteen cents. The objection that the property was sold in bulk, and that more property was sold than was necessary to pay the debt, do not appear from the abstracts to have been made in the trial court, and hence cannot be made in this court. Besides, it cannot be said that the sale was a void one for either or both of these reasons, and Keating does not offer or propose to redeem.

The judgment in this case should have been for both defendants, but, as Hannenkamp is not complaining, the judgment is affirmed. All concur; BARCLAY, J., not sitting.