L. C. LITTLEFIELD, Appellant, v. SWANEY LEMLEY et al., Respondents.

Kansas City Court of Appeals, May 16, 1898.

**Chattel Mortgages:** CROP NOT IN ESSE: EQUITABLE LIEN: JURISDICTION. A mortgage of chattels not in existence, such as an unplanted crop, does not give a legal but only an equitable lien, and the mortgagee without possession can only enforce his lien in a court of equity and not in a justice's court.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

ROBERTSON & CAUDLE, for appellant.

The note and mortgage from Swaney Lemley were competent evidence in this case, and should not have been stricken out and excluded by the court. At the time said mortgage was given the defendant Swaney Lemley had the farm on which the corn in controversy was grown in his possession, and there

was such a potential existence as to render the mortgage valid in law. Rawlings v. Hunt, 90 N. C. 270; Cotten v. Willoughby, 83 N. C. 75; Harris v. Jones, 83 N. C. 317; Senter v. Mitchell, 16 Fed. Rep. 206; Trash v. Bennett, 57 Ala. 156; Hurst v. Bell, 72 Ala. 336; Wilkins v. Wyatt, 9 Baxt. (Tenn.) 250; Milleman v. Neher, 20 Barb. (N. Y.) 37; Arques v. Wasson, 51 Cal. 620; Conderman v. Smith, 41 Barb. (N. Y.) 404; Sanborn v. Benedict, 78 Ill. 309; Oil Co. v. Maginnis, 32 Minn. 193; Moore v. Byrun, 10 S. C. 452; Cole v. Keen, 19 Neb. 553; Lamson v. Moffatt, 61 Wis. 153; Apperson v. Moore, 30 Ark. 56; Butt v. Ellett, 19 Wall. (U. S.) 544; McCaffrey v. Woodin, 65 N. Y. 459; Smith v. Alkins, 18 Vt. 465; Everman v. Robb, 52 Miss. 653; Andrew v. Newcomb, 32 N. Y. 417; Montgomery v. Morrill, 166 Cal. 432; Jones on Chat. Mortg., secs. 140, 141, 143; Orcutt v. Moore, 134 Mass. 48; Cobbey on Chat. Mortg., sec. 370. (2) The common law rule, that no interest could vest by an assignment of chattels not *in esse* has not been followed, as far as it applies to crops, by many of the states in this country, and, indeed, was not strictly followed in England, as it was held not to apply to crops to be raised by the assignor on land then owned by him or in his possession. 1 Cobbey on Chat. Mortg., secs. 320, 371, 384; Congreve v. Evetts, 26 Eng. Law and Eq. 493; Oil Co. v. Maginnis, 32 Minn. 193; Funk v. Paul, 63 Wis. 35; Bryant v. Pennell, 61 Me. 108; Miller v. Harvester Co., 35 Minn. 399; Stadeker v. Loeb, 67 Miss. 200; Vanhoozer v. Cory, 34 Barb. 12; Wood v. Lester, 29 Barb. 145; Argues v. Wasson, 51 Cal. 620. (3) A mortgagee may recover after acquired property in an action of replevin. Keating v. Hannenkamp, 100 Mo. 161; Drug Co. v. Robinson, 10 Mo. App. 588; 81 Mo. 18; Thompson v. Foerstel, 10 Mo. App. 290; Edmondson v. Wilson, 49 Mo. App.

491; Turner v. Landon, 85 Mo. 438; State to use v. Carroll, 24 Mo. App. 348; Mfg. Co. v. Chrisman, 28 Mo. App. 308; Koch v. Fisher, 58 Mo. 532; Jones on Chat. Mortg., sec. 156; Choteau v. Riddle, 110 Mo. 366; McCandless v. Moore, 50 Mo. 511; Linville v. Savage, 58 Mo. 248; Murphy v. R'y, 15 Mo. App. 595; Cordes v. Strazer, 8 Mo. App. 61. In this case, admitting (which we do not) that plaintiff was not entitled to recover in an action of replevin, yet in instructing the jury the court ought to have told them in assessing the value of the corn in controversy, they should deduct therefrom the amount of appellant Littlefield's note and mortgage. Jones on Chat. Mortg., sec. 156; Choteau v. Riddle, 110 Mo. 366; McCandless v. Moore, 50 Mo. 511; Fahy v. Gordon, 133 Mo. 414; Boutell v. Moore, 62 Mo. 350; Dougherty v. Cooper, 77 Mo. 528; Doad, Brown & Co. v. Wilson, 26 Mo. App. 462; Hickman v. Dill, 32 Mo. App. 527; Baldridge v. Dawson, 39 Mo. App. 527; Lewis v. Mason, 94 Mo. 551; Kerr v. Drew, 94 Mo. 147; Dilworth v. McKelvy, 30 Mo. 149; Wilson v. Smith, 60 Mo. App. 469; Pricket v. McCord, 62 Mo. App. 467; Nelson v. Hubbard, 53 Mo. App. 23; Clarkson v. Jenkins, 48 Mo. App. 221; Gentry v. Templeton, 47 Mo. App. 55·

CHAS. E. MORROW and NICK M. BRADLEY for defendants.

(1) Appellant never obtained possession of the corn in question under his mortgage and this action of replevin will not lie to recover same. A mortgage on chattels not *in esse* or not owned by the mortgagor at the execution of the mortgage will not pass the legal title to such after-acquired property, and the mortgagee to render his lien effectual must assert it in a court of equity. France v. Thomas, 86 Mo. 80; Scudder v. Bailey, 66 Mo. App. 40; Wright v. Bircher, 5

Mo. App. 322; Barton v. Sitlington, 128 Mo. 164; Keating v. Henningkamp, 100 Mo. 161; Rutherford v. Stewart, 79 Mo. 216; Wright v. Bircher, 72 Mo. 179; Thompson v. Foerstel, 10 Mo. App. 290; Edmonston v. Wilson, 49 Mo. App. 494. (2) Appellant's lien on the corn in question was an equitable lien. Keating v. Henningkamp, 100 Mo. 161. (3) An equitable lien could not be asserted in this cause and should not have been submitted to the jury because the case originated before a justice of the peace, and a justice of the peace has no equitable jurisdiction and the circuit court, therefore, acquired none. Hicks v. Martin, 25 Mo. App. 359; Wills v. Stephens, 24 Mo. App. 494; Ridgley v. Stillwell, 28 Mo. 400.

GILL, J.—This suit originated before a justice of the peace, and is replevin for the recovery of certain corn raised by defendant Lemley in the cropping season of 1896. In February of that year, and before planting time, Lemley executed a chattel mortgage to plaintiff Littlefield, covering in terms the crop he (Lemley) was to raise the coming season. Lemley subsequently planted some corn; and during the summer, and while the crop was growing, he placed another chattel mortgage on the corn in favor of T. G. Bradley. At gathering time said Bradley took possession of the corn, sold it under his mortgage, and defendant Nick M. Bradley became the purchaser. Thereupon plaintiff brought replevin for the corn; and at the trial in the circuit court, where the case was taken by appeal, the court directed a verdict for defendants and plaintiff appealed.

It is the settled law of this state that a mortgage of chattels not in existence at the execution of the instrument, will not pass the legal title of such after-

acquired property. When the property comes into existence an *equitable* lien will attach, but to enforce this the mortgagee must resort to equity. Scudder v. Bailey, 66 Mo. App. 40, and cases cited; France v. Thomas, 86 Mo. 80. It seems, however, that if the mortgagee shall take possession of the after-acquired property, before other rights have attached, then the legal title will become vested. Keating v. Hannenkamp, 100 Mo. 162. And so, by the great weight of authority it is held, that a mortgage of an unplanted crop will not pass the legal title thereto when it shall come into existence, unless possession thereof be taken by the mortgagee. 1 Cobbey on Chat. Mortg., sec. 373, *et seq.*, and numerous authorities cited.

While it is true that one may make a valid chattel mortgage of a thing in potential existence at the time, such as a crop already seeded and growing, yet as to a crop *not planted* at the time of the mortgage it will be non-effective to convey the legal title. In Jones on Chattel Mortgages (section 143) the author seems to think that a mortgage on an unplanted crop is generally held to be good and valid at law; but an examination of the authorities, will disclose a contrary holding. In the case at hand the plaintiff mortgagee did not at any time take possession; he had then only such title as he could enforce in equity. This suit however was brought before a justice of the peace who had no equity jurisdiction. And as there was no jurisdiction before the justice, neither was there any in the circuit court where the case went by appeal. The judgment then must be affirmed. All concur.