W. H. SWINNEY, Respondent, v. ELIAS R. GOUTY, Appellant.

**St. Louis Court of Appeals, March 13, 1900.**

1. **Mortgage: EQUITABLE LIEN.** A mortgage on a crop of corn to be thereafter planted only has the effect of creating an equitable lien when the crop begins to grow.

2. **Conversion: REPLEVIN: LEGAL TITLE.** To maintain an action for conversion, it is not necessary (as in replevin) that the legal title to the property should be vested in the plaintiff.

3. ———: ———: ———. He may recover if he has the right of property either legal or equitable, or if he has the right to the immediate possession of it.

4. **Pleading: PARTIES, DEFECT OF: PRACTICE, TRIAL.** Where the defendant fails to take advantage of a defect of parties plaintiff either by answer or demurrer, he will be considered as having waived the objection.

5. **Practice, Trial: PROOF OF DEMAND IN CONVERSION OF PERSONAL PROPERTY.** Where corn had been consumed by defendant's stock prior to the institution of a suit for conversion of said corn, it is not necessary for plaintiff to aver or prove a demand for the return of the property.

Appeal from the Greene Circuit Court.—*Hon. James Tilford Neville,* Judge.

AFFIRMED.

*Wm. O. Mead* and *T. T. Loy* for appellant.

(1)   The corn was not planted at the time the chattel mortgage in evidence was given, the mortgage bearing date of April 16, and the undisputed testimony that they commenced planting corn on April 20, following, and at law such a mortgage is void and the trial court should have so declared the law as requested by appellant.   Neither the respondent nor the Swinney Banking Company was ever in possession of the corn, and an action for damages for conversion thereof will not lie against the defendant.   If the corn had remained in the hands of Dorrell, or the defendant, for that matter, with a notice of the mortgage and the attempted effort of Dorrell to create a lien upon the crop of corn thereafter to be planted [not *in esse*], or its equivalent might have been reached by proper proceedings in equity to enforce an equitable lien, but they can not recover in an action at law for conversion.   Littlefield v. Lemley, 75 Mo. App. 511; France v. Thomas, 86 Mo. 80; Rutherford v. Stewart, 79 Mo. 216; Wright v. Bercher, 5 Mo. App. 322.   (2)   Before a mortgage can become a legal lien upon a crop, the crop must at the time of giving the mortgage be planted and sprouted.  Edmonston v. Wilson, 49 Mo. App. 491.   There was no demand made on defendant by plaintiff for the corn or for its value.  Even if the evidence we have just quoted could be tortured into a demand, yet we say it was not a demand of the assignee in this case, or such a demand as is required by the authority in 18 Mo. 150, that has often been cited and never criticised by the courts of the state.   (3)   Therefore, we contend, that as there was no demand by the plaintiff, and this being a case that clearly required a demand, if there was any lien obtained under the mortgage and assignment properly made of the notes the plaintiff wholly failed to make out a case.   No right of property to or right of possession being shown in the plaintiff.   (4)   No action for conversion can be maintained

without the party suing had the right of property vested in him or had the right of possession, at the time the conversion was claimed to have taken place. Johnson Brinkman Co. v. Bank, 116 Mo. 558; Parker v. Rodes, 79 Mo. 88; McCandless v. Moore, 50 Mo. 511.

No brief for respondent furnished reporter.

BIGGS, J.—This is an action for the conversion of some corn. The corn grew upon a farm owned by D. S. Dorrell and was sold by him to the defendant, who converted it to his own use. The plaintiff claimed to own the corn as the assignee of the Swinney Banking Company. The alleged title of the banking company is based on a mortgage executed by Dorrell to it, in which Dorrell conveyed to the banking company "one hundred acres of corn on the west half of lots 6 and 7 and the east half of lot 7 of the northwest quarter of section 6," etc., to secure a debt of $690. The mortgage was dated on the sixteenth of April, 1898. The defendant admitted that he received the corn from Dorrell and that it grew on the above described land in the year 1898. As defenses to the action he averred that at the time the mortgage was executed the corn crop was not planted, and further that the corn received by him was not included in that attempted to be conveyed by Dorrell, but it was planted and cultivated by Charles Dorrell, and by him sold to D. S. Dorrell, who in turn sold it to the defendant.

The cause was submitted to the court without a jury. There was evidence tending to prove and to disprove the alleged defenses. The defendant asked the court to declare that if the mortgage was given before the corn was planted that the finding should be for the defendant. The court refused the instruction. The judgment was for the plaintiff for the value of the corn, and the defendant has appealed.

It may be conceded that a chattel mortgage on property not *in esse* will not convey the legal title to the property when it comes into existence, but an equitable lien only attaches to it, which lien may be enforced by equitable proceedings against the mortgagor or these claiming title to the property under him with actual notice of the mortgage. France v. Thomas, 86 Mo. 80; Rutherford v. Stewart, 79 Mo. 216; Scudder v. Bailey, 66 Mo. App. 40. These cases hold that in such a case replevin will not lie, but if possession is denied resort must be had to a court of equity. This, however, was doubted by Judge Black in Keating v. Hannenkamp, 100 Mo. 161. The question, however, was not necessary to the decision, and the former rulings of the court were not disturbed. So unquestionably a mortgage on a crop of corn to be thereafter planted only has the effect of creating an equitable lien when the crop begins to grow, and it has been so held by the Kansas City Court of Appeals in Littleford v. Lemley, 75 Mo. App. 511. But it does not follow in the present case that the plaintiff as the alleged assignee of the mortgage debt can not maintain an action against the defendant for the conversion of the corn, provided the defendant bought the corn with actual notice of the mortgage. To maintain an action for conversion it is not necessary (as in replevin) that the legal title to the property should be vested in the plaintiff. He may recover if he has the right of property either legal or equitable, or if he has the right to the immediate possession of it. Parker v. Rodes, 79 Mo. 88. Hence it follows that the circuit court did right in refusing the instruction asked by the defendant.

Whether the Swinney Banking Company was a corporation or a co-partnership, does not clearly appear. But the fair inference is that the company was not incorporated. There were several shareholders or owners of the bank. The plaintiff was one of them. It appears from the evidence that

after the alleged conversion of the corn a receiver was appointed for the banking company, and upon a final report of the receiver the court ordered him to re-assign to the shareholders or partners the remaining assets and choses in action in his hands. There was some evidence that the claim for the conversion of the corn belonged to the assets thus ordered to be re-assigned. It is now insisted by the defendant that there is no evidence that the other shareholders assigned to plaintiff their interest in the claim. It may be conceded that there is no such proof. But the objection only presents a question of defect of parties plaintiffs which should have been taken advantage of either by answer or demurrer, and having failed in this the defendant will be considered as having waived the objection. Anderson v. McPike, 41 Mo. App. 328.

There is substantial evidence that the defendant had notice of the mortgage, therefore the judgment can not be disturbed on that ground.

Neither can the judgment be reversed for the alleged reason that the plaintiff failed to aver and prove a demand for the return of the property, for the reason that the corn had been consumed by defendant's stock long prior to the institution of the suit. Smith v. Kennett, 18 Mo. 154.

The judgment will be affirmed. All concur.