McCourt v. Grove.

---

AMELIA McCOURT et al., Respondents, v. ALBERT T. GROVE, Respondent; SAMUEL M. PIPER, Appellant.

●

St. Louis Court of Appeals, January 9, 1912.

1. **PARTIES: Corporations: Judgments: Individual Suing in Name of Corporation.** A judgment in favor of a company as a corporation cannot be treated as a judgment in favor of an individual doing business under the name of such company.

2. **PARTITION: Impounded Proceeds: Release.** The proceeds of a partition sale, which were impounded in court pending the determination of another suit in which the ownership of the fund was in issue, were properly released to the party to whom they had been adjudged to belong, upon the dismissal of such other suit.

3. **APPELLATE PRACTICE:** Pleading: Striking Petition: Harmless Error. Any error in striking an intervening petition in partition was harmless, where intervener was given a hearing which disclosed that he was not entitled to relief.

. Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED.

*Christian F. Schneider* for appellant.

(1) Samuel M. Piper, having by leave of court, filed an interplea and petition of claims, in which he claimed an interest in the property by reason of ownership of the judgment in the case of Piper Carriage Company v. Harry H. Grove et al., No. 32097, room 7, and suit to enforce same, No. 65370, room 5, he was entitled to a hearing on his said interplea and petition of claims. R. S. 1909, secs. 2564, 2575, 2603, 2604, 2605, 2606, 2607 and 2608. (2) This being a proceeding in equity (partition), and. the court having jurisdiction of the parties and of the subject-matter (the fund arising from the sale of the land), it was within the province and the duty of the court to hear and determine all the rights of all the parties touching the matter in controversy. Donaldson v. Allen, 213 Mo. 294; Budde v. Rebworth et al., 137 Mo. 179; Benoist v. Thomas, 121 Mo. 660; McGregor v. Hampton, 70 Mo. App. 98; Holloway v. Holloway, 97 Mo. 628. (3) The court in this suit had the right to allow or consider the amendment of the judgment in the case of Piper Carriage Company v. Harry H. Grove and Thomas P. Dement, doing business as Economy Buggy Company, No. 32097, Division No. 7, and to decree, if upon hearing the testimony, that said Samuel M. Piper was the owner of said judgment and that the land in controversy (or the interest of claimed therein by Albert T. Grove) was in truth the property of said Harry H. Grove and subject to the payment of said judg

ment. R. S. 1909, sec. 1851; Iron Works v. Homes, 62
Mo. App. 372; Bank v. Noel, 94 Mo. App. 498; Bank
v. Fudge, 109 Mo. App. 186; Ward v. Pine, 50 Mo. 38;
Thompson v. Allen, 86 Mo. 85.

*Shields & Orthwein* for respondents.

(1) In the eyes of the law a firm and a corpora-
tion are different persons. The Piper Carriage Com-
pany, a corporation, the defendant in partition failed
to answer. Samuel J. Piper was an interpleader. Al-
len & Co. v. M. & S. Co., 73 Mo. 688; Courtney v.
Sheehy, 38 Mo. App. 293; Altheimer v. Teuscher, 47
Mo. App. 286. (2) The confirmation of the sale in
partition was a final judgment from which an appeal
would lie and was binding on all the parties to the
suit. Said judgment declared that the fund in dispute
should be placed in the hands of the circuit clerk pend-
ing the outcome of the suit in No. 5. The appellants
failed to appeal from this judgment or from the inter-
locutory decree, on the contrary requested it, so that
when the suit in No. 5 was dismissed the fund by the
court's order became the respondent's property free
from any adverse claim. Clark v. Sires, 193 Mo. 502;
Colier v. Lead Company, 208 Mo. 246; Martin v. Trail,
142 Mo. 85; Harkson v. Sanford, 90 Mo. 477.

NORTONI, J.—The principal case is a suit in
partition under the statute, but the appeal involved
here is from an order of the court striking claimant's
petition from the files.

It appears that claimant, Samuel M. Piper, con-
ducted a carriage business in the city of St. Louis un-
der the trade name of the Piper Carriage Company,
and in November, 1906 recovered a judgment in the
St. Louis Circuit Court for the sum of $853.49 in that
name, as though the Piper Carriage Company were a
corporation, against Harry H. Grove and Thomas P.

Dement, jointly. About two years thereafter, claimant Piper conceived that Harry H. Grove owned a one-third interest in a parcel of real estate in St. Louis which was concealed through the title standing in the name of his brother, Albert T. Grove. On this hypothesis, Piper instituted a suit in Division No. 5 of the circuit court of St. Louis in aid of the judgment he had theretofore recovered in the name of the Piper Carriage Company, as a corporation, with the purpose of having Harry H. Grove declared the owner of such interest in the real estate and subjecting it to the payment of his judgment of $853.49. After such suit was instituted plaintiffs, Amelia McCourt et al., instituted this suit in partition, under the statutes, against Albert T. Grove et al., for the purpose of partitioning the identical real estate which plaintiff Piper asserted in his suit was owned in part by Harry H. Grove. The partition suit was assigned to and proceeded in Division No. 7 of the St. Louis Circuit Court, while claimant's suit against Harry H. and Albert T. Grove, by which he sought to subject the alleged interest of Harry H. Grove in the real estate to the payment of the judgment in favor of the Piper Carriage Company, proceeded in Division No. 5 of the same court.

After this partition suit was instituted, Samuel M. Piper filed his petition therein under the provisions of the statute (Secs. 2564, 2565, 2575, 2603, 2604, 2605, 2606, 2607, R. S. 1909), laying claim to the interest, if any, of Harry H. Grove to the one-third portion of such real estate standing in the name of Albert T. Grove, his brother, because of his suit then pending in Division No. 7 of the circuit court to subject such interest to the payment of the judgment in favor of the Piper Carriage Company, a corporation. The partition suit proceeded both to interlocutory and final judgment, and as the property was not susceptible to division in kind, it was ordered sold. A sale was made and the proceeds of one-third part thereof, repre-

sented by the interest of Albert T. Grove, was impounded in court, under a proper order to that effect, to await the determination of the suit of this claimant against Harry H. Grove and Albert T. Grove, whereby such property was sought to be subjected to the payment of the judgment against Harry H. Grove and Thomas P. Dement in favor of the Piper Carriage Company. It appears that there was no such corporation as the Piper Carriage Company and that such was the trade name only, under which Samuel M. Piper conducted his business, and this was the fact when the judgment was recovered. After filing two petitions in Division No. 7, in the suit whereby Samuel M. Piper sought to have the interest of Albert T. Grove in such real estate declared the property of Harry H. Grove and subjected to the payment of the judgment in favor of the Piper Carriage Company, a corporation, that suit was dismissed under an order of the court, to the effect that the amended petition was a departure because plaintiff Samuel M. Piper appeared to be another and different person from the Piper Carriage Company, a corporation. Such is the theory of the dismissal which we glean from the record here, and it seems plaintiff therein, Piper, acquiesced in such dismissal, for he prosecuted no appeal therefrom. The term of court at which the cause was dismissed finally adjourned and no further steps whatever were taken with respect to that suit in Division No. 5. Because of such dismissal, Albert T. Grove, through counsel, filed his motion in Division No. 7 of the circuit court, in the partition suit, pointing out the fact of the dismissal of the case above mentioned and praying the court to strike Samuel M. Piper's petition asserting his claim to a portion of the fund arising from the sale in partition from the files, and award such fund to him, Albert T. Grove. On the hearing of this motion, it was made to appear that the suit of Samuel M. Piper against Harry H. and Albert T.

Grove pending in Division No. 5 in which it was sought to declare Harry H. Grove the true owner in the one-third interest in the real estate appearing in the name of Albert T. Grove and subject it to the payment of the judgment of the carriage company, a corporation, had been dismissed and no appeal prosecuted therefrom, though the term had expired. It was shown, too, that no new suit had been instituted thereon. Furthermore, claimant's attorney then and there admitted that that suit had been finally dismissed. It was further shown that Samuel M. Piper had no judgment against Albert T. Grove but only one in favor of an alleged corporation, known as the Piper Carriage Company, which, in fact, never had an existence.

No one can doubt that Samuel M. Piper as an individual or under his trade name of the Piper Carriage Company is in the eye of the law a separate and distinct person from Samuel M. Piper, a corporation. Such being true, a judgment in favor of the Piper Carriage Company, a corporation, against Harry H. Grove and Thomas P. Dement could, of course, not be treated as a judgment in favor of Samuel M. Piper, the individual. [France v. Thomas, 86 Mo. 80; Allen v. Frumet Mining Co., 73 Mo. 688.] But this is unimportant in the state of the record before us, for it appears the suit in which the claimant Piper sought to reduce that judgment as an asset of his own and subject the alleged interest of Harry H. Grove standing in the name of Albert T. Grove to its payment was finally dismissed. Such is the admission of record made by his counsel at the time, and no other proceeding whatever was pending to that end. This being true, the court was obviously justified in releasing the fund theretofore impounded and awarding it to Albert T. Grove, to whom it had been decreed as one of the defendants in partition, subject, however, to the order impounding it until the controversy involved in the suit in Division No. 5 was determined.

But it is argued the court erred in striking the claimant's petition from the files in the partition suit, for on this he was entitled to a hearing. It may be that the order striking the petition from the files was technically irregular, but substantially the proper result was attained, for, in fact, a hearing was had thereon. As before stated, at this hearing it was shown that the suit against Harry H. and Albert T. Grove had been finally dismissed and no other action to the same end had been instituted. The mere fact that the court struck the claimant's petition from the files should not operate a reversal here, for the substance of the whole matter is, that the court very properly, by its order, released the fund in favor of Albert T. Grove, defendant in partition. It is not necessary to decide whether the court could have heard the whole matter on the claimant's petition filed in this partition suit, to which one of the defendants in the judgment in favor of the Piper Carriage Company, a corporation—that is, Thomas P. Dement—was not a party; for the petition, as we understand it, seeks no such relief. The claimant's petition, filed in the partition suit and now under review, predicates entirely on the fact that he had a suit pending in Division No. 5 of the circuit court seeking the relief above stated and upon its conclusively appearing, as it does, that that suit had been dismissed and no other instituted to the same end, the court very properly released the fund from the order theretofore made impounding it until that controversy was disposed of. The order appealed from should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.